```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

CARMEN DECOSTA,                    )
          Plaintiff,               )
                                   )
     v.                            ) C.A. No.  04-12226-NG
                                   )
BOSTON CENTER FOR THEAP.           )
SERVICE,                           )
          Defendant.               )
```

### MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the above captioned matter shall be dismissed in its entirety pursuant to Section 1915(e)(2).

### FACTS

On October 21, 2004, Plaintiff Carmen DeCosta filed an application to proceed without prepayment of fees and a two page handwritten complaint. The complaint is not entirely coherent, but it appears to present a number of grievances about her employment, and alleges discrimination and retaliation for making a complaint about money owed to her.

DeCosta does not state clearly who the suit is against, nor does she state the bases of her claims. She claims to work for "Boston Center for Theap. Service."[1] She does not provide any further details concerning the defendant's true name or location. She indicates she began employment there in

---

[1] It is unclear from her Application to Proceed without prepayment of Fees whether she is currently employed for the Walter E. Fernald State School in Waltham, MA.

May of 1997 as a part-time relief worker.  She complains she has no vacation, holiday, sick pay or benefits, and that they owe her retirement money.  She claims that she cannot be promoted "running the day program as a specialist worker," so she went back to school to get her High School degree and then to become a nursing assistant.  The crux of her complaint appears to be as follows:

> One program worker came to me and said they howed [sic] me a lot of money and to file a grevience [sic] agains [sic] Boston Center for Theap. Service. I did so at the district Attorney as soon as they found out I do so I became the enemy spending 2 hrs. in this room 1 hr. in [illegible] going to school for my CNA certificate my uncle pass away in Jamaica West Indies.  I came to work and ask Amy if she have enough worker if I could funeral going to work and schl. I am tyred [sic] but I'll be back the 7 of May when I came back one worker by the name of Ethel told me Amy went on a cruise. Then I sign my name to work, the other Program Manager Kate Whitley told me I am not on the assignment only Elain Rashan and Curley. I told her I have more seniority than them and she told me I'll be on called [sic] no one called me yet I filed a discrimination case against them and turn down and say that was not a discrimination case the Dist. Attorney investigated them and told me to file a case I went to one Mr. Green in Dudley He told me him and Vinfen are friend and so he could not represent me.  He was the one send me at 1 Asboston [sic] place. They owed me for my retirement money also.

   DeCosta does not indicate the relief sought from this

Court, nor does she provide any contact information such as an address or telephone number.

## ANALYSIS

### I. The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### II. Plaintiff's Complaint Fails to Comply with Rule 8(a)

Although the Court recognizes that pro se complaints must

be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), DeCosta's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in her complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Here, Plaintiff's skeletal complaint fails to even meet the minimum pleading standards to make out her claim.

III. **Plaintiff has failed to provide this Court with contact information, as required by Local Rule 83.5.2(e).**

DeCosta has failed to provide this Court with any contact information, such as an address or telephone number, and therefore this Court is unable to provide Plaintiff an opportunity to amend her complaint or correct the deficiencies in the Application to proceed *in forma pauperis*, addressed below.

Local Rule 83.5.2(e) provides: Each attorney appearing

and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice.

> IV. <u>Plaintiff's Application to Proceed *in forma pauperis* is deficient</u>

In her Application to Proceed *in forma pauperis*, DeCosta checked off the box indicating she is currently employed. However, she also completed the section of the form (question 2(b)) which requires an unemployed applicant to list information concerning her last employment (name and address of last employer, and wages earned). She listed the Fernald State School as her last place of employment. Thus, it is unclear whether she is currently employed or not. Additionally, DeCosta fails to indicate any requisite information with respect to what her take-home salary or wages are, or were.

Moreover, DeCosta checked off the box indicating that she currently has cash or checking or savings accounts (question 4), but fails to list the total amount owned, as required.

Finally, DeCosta listed that she owns a "Two family

dwelling home with my husband." (question 5), but fails to list the value of the property as required.

Based on this incomplete Application to Proceed *in forma pauperis,* the Court is unable to find that DeCosta has demonstrated that she has insufficient funds to qualify for a waiver of the $150.00 filing fee applicable to civil actions. Accordingly, the Plaintiff's Application to Proceed *in forma pauperis* is denied without prejudice.

### V. Plaintiff Has Not Submitted Her Claims to the EEOC or MCAD

Plaintiff asserts claims of employment discrimination but nowhere cites under what statute or statutes she seeks relief and does not allege on what impermissible basis she was discriminated against.  However, since she mentions she went to Jamaica because her uncle passed away, it might be inferred that she is asserting claims of employment discrimination based on national origin and/or race.  Even construing Plaintiff's claims as falling within Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), and Chapter 151B of the laws of Massachusetts, Mass. Gen. Laws. ch. 151B, § 1, et seq. ("Chapter 151B"), Plaintiff's claims are subject to dismissal for failure to allege that she has properly exhausted her administrative remedies.

Under the administrative scheme created by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, <u>et seq.</u> and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, <u>et seq.</u>, a party generally must file her state-law based discrimination claims with the Massachusetts Commission Against Discrimination ("MCAD) and her federal-law based claims with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court.[2] <u>See</u> 42 U.S.C. § 2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); <u>Andrews v. Arkwright Mut. Ins. Co.</u>, 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct).

In states such as Massachusetts which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, and claims filed with MCAD

---

[2]MCAD has offices at: One Ashburton Place, Rm. 601, Boston, MA 02108-1518 (617) 727-3990 and 436 Dwight Street, Rm. 220, Springfield, MA 01103 (413) 739-2145. The EEOC has a field office at the John F. Kennedy Federal Building, 475 Government Center, Boston, MA 02203 (617) 565-3200 or 1-800-669-400.

or the EEOC are effectively filed with both agencies." Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).[3]

    Here, plaintiff does not allege that she has filed a charge of discrimination with either the EEOC or MCAD.[4]  Although the filing of administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979), and plaintiff's pro se status does not immunize her from this requirement.  See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not

---

    [3]In states without such as work-sharing agreement, an aggrieved party generally must initially her claims with the state commission first because it has exclusive jurisdiction for the first 60-days after the alleged discriminatory act. See 42 U.S.C. § 2000(e)-5(c) (if state has anti-discrimination authority, no charge may be filed with EEOC by aggrieved party before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated).

    [4]Generally, if the EEOC dismisses an administrative charge or otherwise terminates proceedings, an aggrieved party claiming national origin or race discrimination has 90 days in which to file a civil action after the notice of termination. See 42 U.S.C. § 2000e-5 (Title VII).  A person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred.  See Mass. Gen. Laws ch. 151B, § 9.

relieve an employee of the obligation to meet procedural requirements established by law); cf. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (sua sponte dismissal of expired claims of pro se plaintiff proper).

In fact, DeCosta's complaint appears to be a misguided attempt on her part to make a filing with MCAD rather than this Court, since she indicates that she was told by counsel to go to 1 Asboston Place [sic] (One Ashburton Place is the address of MCAD).

Because plaintiff's complaint fails to adequately allege facts indicating that she has exhausted her administrative remedies and has failed to indicate that this action is timely or that any untimeliness may be excused, her complaint shall be dismissed. Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (dismissal for failure to state a claim for failure to exhaust administrative remedies for ADEA and Title VII claims after show-cause order proper); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (claimants who seek to recover for violations of ADA and Title VII first must timely exhaust administrative remedies; unexcused failure bars courthouse door); Rice v. New England College, 676 F.2d 9, 10-11 (1st Cir. 1982) (affirming dismissal of Title VII claim filed 91 days after receipt of EEOC's right-to-sue notification on ground that

9

absent "a recognized equitable consideration, the court cannot extend the limitations period by even one day").

## CONCLUSION

ACCORDINGLY, for the reasons stated herein, it is hereby ORDERED that 1) Plaintiff's Application to Proceed *in forma pauperis* is Denied; and 2) this action is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)[5].

SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of December 2004.

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

[5] In view of the dismissal for the reasons stated above, I need not consider any other possible causes of action which are not clearly pled here.